UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADELAJDA SHEHU,

    Plaintiff,

-vs-

ROBERT JACOBS
and LAKESHORE LOGISTICS

    Defendants.

Case No.
Hon.

| ANDREW M. SAPERSTEIN (P68449)<br>The Saperstein Law Firm<br>2851 High Meadow Circle, Ste. 180<br>Auburn Hills, MI  48326<br>947-400-2727 (telephone)<br>947-400-2728 (facsimile<br>andrew@asaplaw.com<br>vicki@asaplaw.com | |

## COMPLAINT & DEMAND FOR JURY TRIAL

**NOW COMES** the above-named Plaintiff, by and through her attorneys, THE SAPERSTEIN LAW FIRM, PLLC, and for this cause of action against the above-named Defendants, states as follows:

## GENERAL AND JURISDICTIONAL ALLEGATIONS

1.    The Plaintiff, Adelajda Shehu, is a resident of Clinton Township, County of Macomb, State of Michigan.

2.    The above-named Defendant, Robert Jacobs is a resident of the City of Belle River, Providence of Ontario, Canada.

3.    The above-named Defendant Lakeshore Logistics is a for-profit business with a place of business in the City of Maidstone, Providence of Ontario, Canada.

4. Defendant, Lakeshore Logistics, conducts regular and systematic business in the United States of America, and specifically in the County of Macomb, City of Warren, and State of Michigan.

5. The motor vehicle collision that forms the basis for this cause of action occurred in the City of Warren, County of Macomb, State of Michigan, on November 19, 2019.

6. That none of the alleged negligent acts of omission or commission by the Defendant, Robert Jacobs, were intentional within the meaning of MCLA 500.3135(3).

7. The amount in controversy herein exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest, and attorney fees.

**COUNT I**
**NEGLIGENCE AND/OR GROSS NEGLIGENCE AGAINST DEFENDANT, ROBERT JACOBS**

8. Plaintiff realleges and incorporates herein the above-numbered Paragraphs of this Complaint as if fully set forth herein.

9. On or about November 19, 2019, at approximately 7:22AM, Defendant, Robert Jacobs was the driver of a commercial truck bearing license plate number 8410PS.

10. At that time, Defendant, Robert Jacobs, was traveling northbound on Mound Road at or near the intersection of Mound Road and 13 Mile Road in the City of Warren, County of Macomb, State of Michigan, when said Defendant failed to stop in assured clear distance at a traffic light. This caused Defendant Jacobs' vehicle to strike the Plaintiff's vehicle, which was lawfully stopped at a traffic control signal. The force of the collision was enough to require the Plaintiff to be

The Saperstein Law Firm
2851 High Meadow Circle, Suite 180
Auburn Hills, MI 48326
(947) 400-2727

The Saperstein Law Firm
2851 High Meadow Circle, Suite 180
Auburn Hills, MI 48326
(947) 400-2727

transported to St John's Macomb Hospital, thereby causing and inflicting upon the Plaintiff severe injuries and damages.

11. Defendant, Robert Jacobs, was under a duty to obey the Statutes of the State of Michigan applicable to the operation of motor vehicles and to exercise reasonable care under the circumstances. Notwithstanding said duties, the said Defendant did violate the same as expressed in the following particulars:

(a) In driving a motor vehicle upon the highway in a careless, reckless, and wanton manner in total disregard of the rights and safety of others lawfully upon the highway in violation of MCLA 257.626; MSA 9.2326 and appropriate amendments thereto;

(b) In failing to maintain a proper lookout and in otherwise negligently operating a motor vehicle so as to cause a collision, injury and harm to your Plaintiff in violation of MCLA 257.402, MSA 9.2101; MCLA 257.643, MSA 257.627, MSA 9.2327 and appropriate amendments thereto;

(c) In driving a motor vehicle upon the highway at a rate of speed greater that would permit it to be stopped within the assured clear distance ahead;

(d) In overtaking and striking the rear end of the vehicle operated by your Plaintiff, in violation of MCL 257.402;

(e) In engaging in improper lane use in violation of MCL 257.642;

(f) In failing to make proper observations of the conditions of the highway and any other distance ahead;

(g) In driving a motor vehicle while under the influence of intoxicating beverages;

(h) In failing to stop for a red light which was against Defendant;

(i) In driving an automobile in a grossly negligent manner;

(j) In failing to sound a horn to give warning of an impending peril to your Plaintiff;

(k) In the Defendant seeing your Plaintiff to be in a position of peril from which Plaintiff could not avoid and the Defendant striking your Plaintiff when Defendant had the last clear chance to avoid doing so;

    (l)      In the Defendant driving a motor vehicle at a rate of speed in excess of the posted speed law;

    (m)    In the Defendant driving a motor vehicle at an excessive rate of speed considering the weather conditions then and there existing;

    (n)     In driving a motor vehicle in a reckless and erratic manner in total disregard of the rights and safety of others which conduct and state of mind under the facts and circumstances amounted to gross negligence and a violation of MSA 9.2326;

12.    As a direct and/or proximate result of Defendant Jacobs' negligence and/or gross negligence, Plaintiff has suffered injuries which constitute a serious impairment of a body function and/or a permanent serious disfigurement and are of a permanent nature, causing pain, suffering, disability and mental anguish and will in the future cause pain, suffering, disability and mental anguish, including but not limited to: chronic headaches, posttraumatic headaches, post traumatic insomnia, post traumatic impairment, spinal injury back pain requiring surgical intervention, left hip labral tear, chest pain, and other injuries which may be disclosed in medical records, or other documentation or evidence throughout this litigation.

13.    That in the event that Plaintiff was suffering from any preexisting conditions, Plaintiff claims that such pre-existing conditions were aggravated, accelerated, and/or otherwise exacerbated as the result of the occurrence which is the subject of this Complaint.

**WHEREFORE**, Plaintiff herein prays for a Judgment against Robert Jacobs in whatever amount the jury determines to be fair, just, and adequate compensation for the injuries and damages sustained by Plaintiff, together with interest, courts costs and attorney fees, in excess of seventy-five thousand ($75,000.00) dollars.

### COUNT II

**OWNERSHIP LIABILITY AGAINST CO-DEFENDANT,
LAKESHORE LOGISTICS**

14. Plaintiff repeats and re-alleges the above numbered paragraphs of this Complaint, repeating and re-alleging same as though same were more fully set forth herein.

15. The motor vehicle operated by Defendant, Robert Jacobs, on November 19, 2019, was, upon information and belief, owned by Co-Defendant, Lakeshore Logistics. The Defendant, Robert Jacobs, was operating the motor vehicle with the knowledge and consent of the Co-Defendant, Lakeshore Logistics.

16. Co-Defendant, Lakeshore Logistics, is therefore vicariously liable for the tortious acts of Defendant, Robert Jacobs, pursuant to MCL 257.401, otherwise known as the Owner's Liability Statute, as more factually and fully set forth herein.

17. As a direct/ or proximate result of the Defendants' negligence, Plaintiff suffered injuries and damages set forth in Paragraphs 12 and 13 above.

**WHEREFORE**, Plaintiff herein prays for a Judgment against Co-Defendant, Lakeshore Logistics, in whatever amount the jury determines to be fair, just, and adequate compensation for the injuries and damages sustained by Plaintiff, together with interest, courts costs and attorney fees, in excess of seventy-five thousand ($75,000.00) dollars.

**COUNT III
RESPONDEAT SUPERIOR LIABILITY AGAINST CO-DEFENDANT,
LAKESHORE LOGISTICS**

18. Plaintiff repeats and re-alleges the above numbered paragraphs of the Complaint, repeating and re-alleging same as though same were more fully set forth herein.

The Saperstein Law Firm
2851 High Meadow Circle, Suite 180
Auburn Hills, MI 48326
(947) 400-2727

19.     At the time of the auto crash complained of herein, Defendant, Robert Jacobs, was in the course and/or scope of his employment with Co-Defendant, Lakeshore Logistics.

20.     Under the doctrine of Respondeat Superior, Co-Defendant, Lakeshore Logistics, as principal/employer, is liable for the acts and/or omissions of its agent/employee, Defendant, Robert Jacobs.

21.     That as a proximate result of the aforementioned negligence and/or liability of Co-Defendant, Lakeshore Logistics, Plaintiff suffered the injuries and damages set forth in paragraphs 12 and 13 above.

**WHEREFORE**, Plaintiff herein prays for a Judgment against Co-Defendant in whatever amount the jury determines to be fair, just, and adequate compensation for the injuries and damages sustained by Plaintiff, together with interest, courts costs and attorney fees, in excess of seventy-five thousand ($75,000.00) dollars.

**COUNT IV**
**INDEPENDENT LIABILITY FOR NEGLIGENT ENTRUSTMENT AGINST CO-DEFENDANT, LAKESHORE LOGISTICS**

22.     Plaintiff repeats and re-alleges the above numbered paragraphs of the Complaint, repeating and re-alleging same as though same were more fully set forth herein.

23.     Defendant, Robert Jacobs, upon information and belief, had a poor driving record and/or history of distracted driving prior to the date of the motor vehicle crash that is the subject of this Complaint, of which Co-Defendant, Lakeshore Logistics, knew or should have known.

24.     Defendant, Robert Jacobs, upon information and belief, was or may have been under the influence of intoxicating alcohol and/or drugs and/or other controlled substances prior to and on the date of the motor vehicle crash that is the

The Saperstein Law Firm
2851 High Meadow Circle, Suite 180
Auburn Hills, MI 48326
(947) 400-2727

subject of this Complaint, of which Co-Defendant, Lakeshore Logistics, knew or should have known.

25. Despite the existence of Defendant, Robert Jacobs's poor driving record, Co-Defendant, Lakeshore Logistics, permitted and entrusted its vehicle to Defendant, Robert Jacobs, on November 19, 2019.

26. Despite the existence of Defendant, Robert Jacobs's impaired ability to operate a motor vehicle in a safe manner, Co-Defendant, Lakeshore Logistics, permitted and entrusted its vehicle to Defendant, Robert Jacobs, on November 19, 2019.

27. Co-Defendant, Lakeshore Logistics, further owed a duty to Plaintiff, Adelajda Shehu, and other members of the public, to refrain from entrusting its vehicle to drivers who have demonstrated a level of incompetence and/or inability to safely and properly operate a motor vehicle.

28. Co-Defendant, Lakeshore Logistics, further owed a duty to Plaintiff, Adelajda Shehu, and other members of the public, to refrain from entrusting its vehicles to drivers whom it knew or should have known did not possess the necessary qualifications in order to drive a motor vehicle safely and properly.

29. Co-Defendant, Lakeshore Logistics, further owed a duty to Plaintiff, Adelajda Shehu, and other members of the public, to refrain from entrusting its vehicle to drivers whom it knew or should have known had an impaired ability to operate a motor vehicle in a safe manner.

30. Co-Defendant, Lakeshore Logistics, breached the following duties:

 (a) Entrusting a motor vehicle to a person whom, it knew or in the exercise of reasonable care should have known, had a poor driving record;

(b)   Entrusting a motor vehicle to a person whom, it knew or in the exercise of reasonable care should have known, did not possess the necessary qualifications in order to drive the motor vehicle which was being operated on or about November 19, 2019;

(c)   Entrusting a motor vehicle to a person whom, it knew or in the exercise of reasonable care should have known, had an impaired ability to operate a motor vehicle in a safe manner, and/or

(d)   Other duties that shall become known through the conducting of discovery in this matter, and further identified in these and other Pleadings relative to this Complaint.

31.   As a direct and/or proximate result of Co-Defendants' negligence and/or gross negligence, Plaintiff, Adelajda Shehu, suffered the injuries and damages set forth in the above Paragraphs 12 and 13.

**WHEREFORE**, Plaintiff herein prays for a Judgment against Co-Defendant in whatever amount the jury determines to be fair, just, and adequate compensation for the injuries and damages sustained by Plaintiff, together with interest, courts costs and attorney fees, in excess of seventy-five thousand ($75,000.00) dollars.

Respectfully Submitted,

Dated:  November 9, 2022         The Saperstein Law Firm, PLLC

By:  /s/ Andrew M. Saperstein
_____
Andrew M. Saperstein (P68449)
Attorneys for Plaintiff
2851 High Meadow Circle, Suite 180
Auburn Hills, MI  48326
(947) 400-2727 (phone)
(947) 400-2728 (facsimile)
andrew@asaplaw.com
vicki@asaplaw.com

The Saperstein Law Firm
2851 High Meadow Circle, Suite 180
Auburn Hills, MI 48326
(947) 400-2727

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADELAJDA SHEHU,

    Plaintiff,

-vs-

ROBERT JACOBS
and LAKESHORE LOGISTICS

    Defendants.

Case No.
Hon.

| ANDREW M. SAPERSTEIN (P68449) <br> The Saperstein Law Firm <br> 2851 High Meadow Circle, Ste. 180 <br> Auburn Hills, MI  48326 <br> 947-400-2727 (telephone) <br> 947-400-2728 (facsimile <br> andrew@asaplaw.com <br> vicki@asaplaw.com | |

*The Saperstein Law Firm*
*2851 High Meadow Circle, Suite 180*
*Auburn Hills, MI 48326*
*(947) 400-2727*

### **PLAINTIFF DEMAND FOR TRIAL BY JURY**

**NOW COMES** the above-named Plaintiff, by and through her attorneys, THE SAPERSTEIN LAW FIRM, PLLC, and hereby makes demand for a trial by jury of the above-entitled matter.

Dated:  November 9, 2022

Respectfully Submitted,

The Saperstein Law Firm, PLLC

By:    /s/ Andrew M. Saperstein
_____
Andrew M. Saperstein (P68449)
Attorneys for Plaintiff
2851 High Meadow Circle, Suite 180
Auburn Hills, MI  48326
(947) 400-2727 (phone)
(947) 400-2728 (facsimile)
andrew@asaplaw.com
vicki@asaplaw.com